UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | 5:26-cv-01646-AH-(DMK) | Date | June 5, 2026 |
| Title | Oscar Eduardo Defaz Lozada v. Warden, Desert View Facility et al. | | |

Present: The Honorable   Anne Hwang, United States District Judge

| Yolanda Skipper | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:   (IN CHAMBERS) ORDER GRANTING PRELIMINARY INJUNCTION**

On April 17, 2026, the Court granted Petitioner Oscar Eduardo Defaz Lozada's ("Petitioner") Motion for Temporary Restraining Order ("TRO") ordering Respondents Warden, Desert View Facility; U.S. Immigration and Customs Enforcement; Secretary of the Department of Homeland Security (collectively, "Respondents"), to immediately release Petitioner.  Dkt. No. 13.

The factual and procedural history of this case is detailed in this Court's Order Granting Petitioner's Motion for Temporary Restraining Order.  Dkt. No. 13. The TRO (1) required Respondents to immediately release Petitioner from custody under the same conditions previously imposed, without further restrictions, (2) enjoined Respondents from re-detaining Petitioner without a pre-deprivation hearing before a neutral decisionmaker, and (3) ordered Respondents to show cause, in writing, as to why the Court should not issue a preliminary injunction. Respondents filed a response to the Court's Order to Show Cause, arguing the preliminary injunction should be denied and the Petitioner's petition for writ of habeas corpus ("Petition") should be dismissed as moot.  Dkt. No. 14.  Petitioner filed an optional response on April 27, 2026, which was not docketed until after the response deadline on April 29, 2026.  Dkt. No. 18.  Having not yet received Petitioner's response, on April 28, 2026, the Court issued a second Order to Show

Cause, ordering Petitioner to show cause, in writing, why the Petition should not be dismissed without prejudice as moot.  Dkt. No. 16.  Petitioner responded on May 7, 2026.  Dkt. No. 20.

## I.    LEGAL STANDARD

### A.    Preliminary Injunction

The standard for temporary restraining orders and preliminary injunctions are "substantially identical." *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n. 7 (9th Cir. 2001).  A plaintiff seeking a preliminary injunction "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

Courts in the Ninth Circuit also employ a "sliding scale" approach, also known as the "serious questions" test, in which the four *Winter* elements are "balanced, so that a stronger showing of one element may offset a weaker showing of another." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011).  Under this approach, "'serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *Id.* at 1132.  Serious questions are those that "cannot be resolved one way or the other at the hearing on the injunction because they require more deliberative investigation.  Thus, parties do not show serious questions when they raise a merely plausible claim." *Assurance Wireless USA, L.P. v. Reynolds*, 100 F.4th 1024, 1031 (9th Cir. 2024) (citation modified).

### B.    Mootness

To establish standing to sue in federal court, a plaintiff must show that he has "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016).  "The plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing these elements." *Id.*  "A corollary to this case-or-controversy requirement is that 'an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed.'" *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 71 (2013) (citations omitted).  "If an intervening circumstance deprives the

plaintiff of a 'personal stake in the outcome of the lawsuit,' at any point during litigation, the action can no longer proceed and must be dismissed as moot." *Id*. (citation omitted). "A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—'when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.'" *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (citations omitted). "[A] lawsuit . . . becomes moot when a plaintiff *actually receives* all of the relief he or she could receive on the claim through further litigation." *Chen v. Allstate Ins. Co.*, 819 F.3d 1136, 1144 (9th Cir. 2016) (citing *Campbell-Ewald v. Gomez*, 577 U.S. 153, 161 (2016)). "As long as the parties have a concrete interest, however small, in the outcome of the litigation, the case is not moot." *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 161 (2016) (quotation and citation omitted).

## II.     DISCUSSION

The Court agrees with Petitioner that his Petition and request for a preliminary injunction are not moot and that a preliminary injunction should issue for the reasons set forth in the Court's Order Granting Petitioner's Motion for Temporary Restraining Order. Dkt. No. 13. "A defendant's voluntary cessation of allegedly unlawful conduct ordinarily does not suffice to moot a case." *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 174 (2000). "Otherwise, a defendant could engage in unlawful conduct, stop when sued to have the case declared moot, then pick up where he left off." *Already*, 568 U.S. at 91 (2013). "[T]he standard … for determining whether a case has been mooted by the defendant's voluntary conduct is stringent: A case might become moot if subsequent events make it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Friends of the Earth*, 528 U.S. at 189 (citation and quotations omitted). "[I]f the defendant can demonstrate that 'there is no reasonable expectation that the wrong will be repeated,' the case may be moot." *United States v. W. T. Grant Co.*, 345 U.S. 629, 633 (1953). "The burden is a heavy one." *Id.*

Respondents cite to several cases where judges in the Central District of California have denied preliminary injunctions and dismissed petitions as moot. Respondents, however, do not demonstrate or explain why "there is no reasonable expectation that the wrong—i.e., the unlawful re-detention of Petitioner without due process—will be repeated." *Vardanyan v. Noem*, 2026 WL 383341, at *2 (C.D. Cal. Feb. 11, 2026). There is no indication that Respondents have changed their policies or practices, or that Respondents do not intend to re-detain Petitioner

without due process.  Nor have Respondents demonstrated changed circumstances such that there is a significant likelihood of Petitioner's removal in the reasonably foreseeable future.  *See Zadvydas v. Davis*, 533 U.S. 678, 701 (2001).

## III.    CONCLUSION

For the foregoing reasons, Plaintiff's request for a preliminary injunction is **GRANTED**.  For the duration of this action:

Respondents are **ENJOINED** from re-detaining Petitioner without a pre-deprivation hearing before a neutral decisionmaker.

The parties are directed to follow the orders of the Magistrate Judge with respect to further proceedings.

**IT IS SO ORDERED.**